THOMAS E. FRANKOVICH,
*A Professional Law Corporation*

THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     415/674-8600
Facsimile:     415/674-9900

**E-filing**

FILED
2010 DEC 27 P 2:27
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
CRAIG YATES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**MEJ**

CRAIG YATES, an individual,

Plaintiff,

v.

SLOAT REALTY, LLC,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO. 10 5889**
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

1    Plaintiff CRAIG YATES, an individual, complains of defendant SLOAT REALTY, LLC
2  and alleges as follows:

3  **INTRODUCTION:**

4    1.    This is a civil rights action for discrimination against persons with physical
5  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
6  for failure to remove architectural barriers structural in nature at defendants' SLOAT BUILDING
7  comprised of public accommodations at 3182, 3186-3192, 3194, 3196, and 3198 24th Street, San
8  Francisco, California, each a place of public accommodation, thereby discriminatorily denying
9  plaintiff and the class of other similarly situated persons with physical disabilities access to, the
10  full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,
11  services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to
12  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code
13  §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14    2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
15  February 22, 2010, February 28, 2010, May 2, 2010, August 2, 2010 and November 9, 2010, was
16  an invitee, guest, patron, customer at defendants' tenants premises, in the City of San Francisco,
17  California.  At said times and places, defendants failed to provide proper legal access to the
18  Floreria La Poblanita #2, El Arista Chairex Barber Shop, Mission Check Cashing, K&K Multi-
19  Service & Income Tax and Check Cashing and Jelly Donuts, each which is a "public
20  accommodation" and/or a "public facility" including, but not limited to entrance(s) and
21  counter(s).  The denial of access was in violation of both federal and California legal
22  requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal
23  access, and was embarrassed and humiliated.

24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    **JURISDICTION AND VENUE:**

2    3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.
3    §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.
4    Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5    nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6    California law, whose goals are closely tied with the ADA, including but not limited to violations
7    of California Civil Code §51, *et seq*. and §54, *et seq.*, California Health & Safety Code §19955 *et*
8    *seq*., including §19959; California Building Code.

9    4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10    founded on the facts that the real property which is the subject of this action is located at/near
11    3182, 3186-3192, 3194, 3196, and 3198 24th Street, in the City and County of San Francisco,
12    State of California, and that plaintiff's causes of action arose in this county.

13    **PARTIES:**

14    5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15    disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16    disabled", "physically handicapped" and "person with physical disabilities" are used
17    interchangeably, as these words have similar or identical common usage and legal meaning, but
18    the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19    handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20    statutory measures refer to protection of the rights of "physically disabled persons").   Plaintiff
21    CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22    and United States laws.   Plaintiff is a triplegic.   Plaintiff CRAIG YATES requires the use of a
23    wheelchair to travel about in public.   Consequently, plaintiff CRAIG YATES is a member of that
24    portion of the public whose rights are protected by the provisions of Health & Safety Code
25    §19955, *et seq*. (entitled "Access to Public Accommodations by Physically Handicapped
26    Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27    Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28    §12101, *et seq*.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Defendant SLOAT REALTY, LLC (hereinafter alternatively collectively referred

2    to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors

3    and/or lessees, of the public accommodation known as the Sloat Building comprised of other

4    public accommodations, located at/near 3182, 3186-3192, 3194, 3196, and 3198 24th Street, San

5    Francisco, California, or of the building and/or buildings which constitute said public

6    accommodation.

7    7.    At all times relevant to this complaint, defendant SLOAT REALTY, LLC, owns

8    and operates in joint venture the subject Floreria La Poblanita #2, El Arista Chairex Barber Shop,

9    Mission Check Cashing, K&K Multi Service & Income Tax and Check Cashing and Jelly Donuts

10   each as a public accommodation.  Each business is open to the general public and conducts

11   business therein.  Each business is a "public accommodation" or "public facility" subject to the

12   requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

13   *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

14   8.    At all times relevant to this complaint, defendant SLOAT REALTY, LLC is

15   jointly and severally responsible to identify and remove architectural barriers at the subject public

16   accommodations pursuant to Code of Federal Regulations title 28, section 36.201(b), which

17   states in pertinent part:

18   **§ 36.201    General**

19   (b) *Landlord and tenant responsibilities.* Both the landlord
     who owns the building that houses a place of public
20   accommodation and the tenant who owns or operates the place of
     public accommodation are public accommodations subject to the
21   requirements of this part.  As between the parties, allocation of
     responsibility for complying with the obligations of this part may
22   be determined by lease or other contract.

23   28 CFR §36.201(b)

24   ///

25   ///

26   ///

27   ///

28   ///

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2       9.     The Sloat Building, is a public accommodation comprised of other public

3 accommodations which consist of the following tenants, located at/near:

4               Floreria La Poblanita #2, 3182 24th Street, San Francisco, California;

5               El Arista Chairex Barber Shop, 3186-3192 24th Street, San Francisco, California;

6               Mission Check Cashing, 3194 24th Street, San Francisco, California;

7               K&K Multi Service & Income Tax and Check Cashing, 3196 24th Street, San

8               Francisco, California; and

9               Jelly Donuts, 3198 24th Street, San Francisco, California.

10 Their entrance(s) and counter(s), and its other facilities are each a "place of public

11 accommodation or facility" subject to the barrier removal requirements of the Americans with

12 Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone

13 "alterations, structural repairs and additions," each of which has subjected each tenants' premises

14 and each of its facilities, their entrance(s) and counter(s) to disability access requirements per the

15 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

16 California Code of regulations (Title 24).

17       10.     On or about August 18, 2010, defendants' and each of them purchased and/or

18 took possessory control of the premises now known as the Sloat Building. At all times prior

19 thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,

20 or upon taking possessory interest that public accommodations had a duty to identify and remove

21 architectural barriers and were aware that Floreria La Poblanita #2, El Arista Chairex Barber

22 Shop, Mission Check Cashing, K&K Multi Service & Income Tax and Check Cashing and Jelly

23 Donut was not accessible to the disabled. Nevertheless, defendants' and each of them, operated

24 each of the tenants' premises as though it was accessible.

25       11.     At all times stated herein, defendants' and each of them with the knowledge that

26 each of them had a continuing obligation to identify and remove architectural barriers where it

27 was readily achievable to do so, failed to adopt a transition plan to provide better and/or

28 compliant access to the subject accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    12.    At all times referred to herein and continuing to the present time, defendants, and

2  each of them, advertised, publicized and held out Floreria La Poblanita #2, El Arista Chairex

3  Barber Shop, Mission Check Cashing, K&K Multi Service & Income Tax and Check Cashing

4  and Jelly Donut·as being handicapped accessible and handicapped usable.

5    13.    On or about February 22, 2010, February 28, 2010, May 2, 2010, August 2, 2010

6  and November 9, 2010, plaintiff CRAIG YATES was an invitee and guest at Floreria La

7  Poblanita #2, El Arista Chairex Barber Shop, Mission Check Cashing, K&K Multi Service &

8  Income Tax and Check Cashing and Jelly Donut, for purposes of attempting to gain access, shop

9  and consider using the services available to the general public.

10    14.    On or about February 22, 2010, February 28, 2010, May 2, 2010, August 2, 2010

11  and November 9, 2010, plaintiff CRAIG YATES encountered the following architectural barriers

12  at the following public accommodations:

13         •    Sloped entrance at the Jelly Donut

14         •    Sloped entrance at K&K Multi Service & Income Tax and Check Cashing

15         •    Narrow doorway and high counter at Mission Check Cashing

16         •    Narrow doorway at El Arista Chairex Barber Shop

17         •    Seven (7) inch step/landing at Floreria La Poblanita #2

18    15.    On or about September 21, 2010, plaintiff CRAIG YATES wrote a total of ten

19  (10) letters to the landlord and tenants. The September 21, 2010 letters stated in part:

20         "So here it goes: Jelly Doughnuts has a sloped entrance. Plan: Install a power
           door. K&K has a sloped entrance. Plan: Install a power door. Mission Check
21         Cashing has a narrow doorway and the counter is too high to do business in
           a wheel chair. Plan: Widen the doorway and lower the counter. El Artista
22         Chairex Barber Shop has a narrow doorway. Plan: Widen the doorway.
23         Floreria La Poblanita #2 has a 7" step at the entrance. Plan: Get a portable
24         ramp and install a buzzer and sign on how to use the ramp."

25  ///

26  ///

27  ///

28

16.   Then on September 23, 2010, plaintiff CRAIG YATES wrote in part:

"Recently, I visited all the stores that I have listed above. As I use a wheelchair, I had problems with each of the places that I wheeled to. Here's the biggest problem for each place. Jelly Donut has a slope at the entry door. A power door would be great; K&K Multi Service has a slope at the entrance and needs a power door; Mission Check Cashing doorway is too narrow and the counter too high; El Artista Chairez Barbershop doorway is too narrow and pulls outward; Floereria La Poblanita # 2 has that really high step. It needs some kind of a ramp. Maybe cutting into the concrete might work.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The whole block of stores is certainly more than 20 years old, right? The landlord owns the places and rents it to tenants or maybe you've been the only tenants. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here? All of you should demand that the landlord deals with these problems today!

Anyway, I would really appreciate it if each of you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to these stores once they are accessible to me. I may still come back before you do the work just because I like the Mission and like to see what's going on. Don't look at this as helping me. I see lots of wheelchair users who are stuck like me. If there is some problem doing this, please let me know.

I tell everyone if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible."

17. Plaintiff CRAIG YATES never received one response to his twenty (20) letters. No letters were even returned to him. Other public accommodations on 24th Street received letters and responded to plaintiff.

18. Therefore, at said times and places, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements at the Floreria La Poblanita #2, El Arista Chairex Barber Shop, Mission Check Cashing, K&K Multi Service & Income Tax and Check Cashing and Jelly Donut, which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.     lack of directional signage to show accessible routes of travel, i.e. entrances;

        b.     lack of an accessible entrance(s);

        c.     lack of handicapped accessible service counter; and

        d.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

19. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

20. On or about September 21, 2010 and September 23, 2010, defendant(s) were sent twenty (20) letters by or on behalf of plaintiff CRAIG YATES advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his letter, promising to immediately remove the barriers and providing a date when that would be accomplished. An exemplar letter of September 21, 2010 and September 23, 2010 is attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    21.    As a legal result of defendant SLOAT REALTY, LLC's failure to act as a
2 reasonable and prudent public accommodation in identifying, removing or creating architectural
3 barriers, policies, practices and procedures that denied access to plaintiff and other persons with
4 disabilities, plaintiff suffered the damages as alleged herein.

5    22.    As a result of the denial of equal access to defendants' facilities due to the acts and
6 omissions of defendants, and each of them, in owning, operating and maintaining these subject
7 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
8 rights under Civil Code §§54, 54.1 and 54.3.

9    23.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
10 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
11 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
12 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
13 an amount within the jurisdiction of this court.  No claim is being made for mental and emotional
14 distress over and above that usually associated with the discrimination and physical injuries
15 claimed, and no expert testimony regarding this usual mental and emotional distress will be
16 presented at trial in support of the claim for damages.

17    24.    Defendants', and each of their, failure to remove the architectural barriers
18 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
19 accommodation, and continues to create continuous and repeated exposure to substantially the
20 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

21    25.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
22 by defendant SLOAT REALTY, LLC, because defendant SLOAT REALTY, LLC maintained the
23 Sloat Building without access for persons with physical disabilities to its facilities, including but
24 not limited to entrance(s) and counter(s) at the tenants' premises, and other public areas as stated
25 herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other
26 persons with physical disabilities in these and other ways.

27 ///

28 ///

1    26.    On information and belief, construction alterations carried out by defendants have
2  also triggered access requirements under both California law and the Americans with Disabilities
3  Act of 1990.

4    27.    Plaintiff, as described hereinbelow, seeks injunctive relief to require Floreria La
5  Poblanita #2, El Arista Chairex Barber Shop, Mission Check Cashing, K&K Multi Service &
6  Income Tax and Check Cashing and Jelly Donut to be made accessible to meet the requirements
7  of both California law and the Americans with Disabilities Act of 1990, whichever is more
8  restrictive, so long as defendants operate Floreria La Poblanita #2, El Arista Chairex Barber Shop,
9  Mission Check Cashing, K&K Multi Service & Income Tax and Check Cashing and Jelly Donut
10  each as a public facility.

11    28.    Plaintiff seeks damages for violation of his civil rights on February 22, 2010,
12  February 28, 2010, May 2, 2010, August 2, 2010 and November 9, 2010 and seeks statutory
13  damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to
14  Civil Code §54.3, for each day after his visit to each of the subject public accommodations (
15  Floreria La Poblanita #2, El Arista Chairex Barber Shop, Mission Check Cashing, K&K Multi
16  Service & Income Tax and Check Cashing and Jelly Donut) that the trier of fact (court/jury)
17  determines was the date that some or all remedial work should have been completed under the
18  standard that the landlord and tenant had an ongoing duty to identify and remove architectural
19  barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from
20  returning to each subject public accommodation because of his knowledge and/or belief that
21  neither some or all architectural barriers had been removed and that said premises remains
22  inaccessible to persons with disabilities whether a wheelchair user or otherwise.

23    29.    On information and belief, defendants have been negligent in their affirmative duty
24  to identify the architectural barriers complained of herein and negligent in the removal of some or
25  all of said barriers.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    30.    Because of defendants' violations, plaintiff and other persons with physical
2  disabilities are unable to use public facilities such as those owned and operated by defendants on a
3  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
4  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
5  other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
6  defendants to make Floreria La Poblanita #2, El Arista Chairex Barber Shop, Mission Check
7  Cashing, K&K Multi Service & Income Tax and Check Cashing and Jelly Donut accessible to
8  persons with disabilities.

9    31.    On information and belief, defendants have intentionally undertaken to modify and
10  alter existing building(s), and have failed to make them comply with accessibility requirements
11  under the requirements of ADAAG and California Building Code. The acts and omission of
12  defendants, and each of them, in failing to provide the required accessible public facilities at the
13  time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and
14  despicable conduct carried out by defendants, and each of them, with a willful and conscious
15  disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a
16  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
17  profound example of defendants, and each of them, to other operators and landlords of other retail
18  buildings and other public facilities, and to punish defendants and to carry out the purposes of the
19  Civil Code §§ 51, 51.5 and 54.

20    32.    Plaintiff is informed and believes and therefore alleges that defendant SLOAT
21  REALTY, LLC, and each of them, caused the subject building(s) which constitute Floreria La
22  Poblanita #2, El Arista Chairex Barber Shop, Mission Check Cashing, K&K Multi Service &
23  Income Tax and Check Cashing and Jelly Donut to be constructed, altered and maintained in such
24  a manner that persons with physical disabilities were denied full and equal access to, within and
25  throughout said building(s) and were denied full and equal use of said public facilities.

26  ///
27  ///
28  ///

1    Furthermore, on information and belief, defendants have continued to maintain and operate said
2    Sloat Building and/or its building(s) in such conditions up to the present time, despite actual and
3    constructive notice to such defendants that the configuration of each of the tenants' premises
4    and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as
5    plaintiff CRAIG YATES, and other members of the disability community.  Such construction,
6    modification, ownership, operation, maintenance and practices of such public facilities are in
7    violation of Civil Code §§51, 51.5 and 54, and the ADA, 42 U.S.C. §12101, *et seq.*

8        33.    On personal knowledge, information and belief, the basis of defendants' actual and
9    constructive notice that the physical configuration of the facilities including, but not limited to,
10   architectural barriers constituting the Sloat Building  and/or building(s) was in violation of the
11   civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,
12   communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of
13   conferences owners of other restaurants, hotels, motels and businesses, notices they obtained from
14   governmental agencies upon modification, improvement, or substantial repair of the subject
15   premises and other properties owned by these defendants, newspaper articles and trade
16   publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
17   service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
18   other similar information.  Defendants' failure, under state and federal law, to make the Sloat
19   Building accessible is further evidence of defendants' conscious disregard for the rights of
20   plaintiff and other similarly situated persons with disabilities.  Despite being informed of such
21   effect on plaintiff and other persons with physical disabilities due to the lack of accessible
22   facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
23   rectify the situation and to provide full and equal access for plaintiff and other persons with
24   physical disabilities to the Sloat Building.  Said defendants, and each of them, have continued
25   such practices, in conscious disregard for the rights of plaintiff and other persons with physical
26   disabilities, up to the date of filing of this complaint, and continuing thereon.
27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 Defendants had further actual knowledge of the architectural barriers referred to herein by virtue
2 of the demand letter addressed to the defendants and served concurrently with the summons and
3 complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other
4 persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
5 rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of
6 treble damages per Civil Code §§52 and 54.3.

7      34.    Plaintiff CRAIG YATES and the disability community, consisting of persons with
8 disabilities, would, could and will return to the subject public accommodation when it is made
9 accessible to persons with disabilities.

10 **I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
**ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
11 **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendant SLOAT
12 REALTY, LLC, inclusive)
(42 U.S.C. §12101, *et seq.*)
13
     35.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
14
the allegations contained in paragraphs 1 through 34 of this complaint.
15
     36.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.
16
§12101 regarding persons with physical disabilities, finding that laws were needed to more fully
17
protect:
18
       some 43 million Americans with one or more physical or mental
19        disabilities; [that] historically society has tended to isolate and
       segregate individuals with disabilities; [that] such forms of
20        discrimination against individuals with disabilities continue to be a
       serious and pervasive social problem; [that] the nation's proper
21        goals regarding individuals with disabilities are to assure equality of
       opportunity, full participation, independent living and economic
22        self-sufficiency for such individuals; [and that] the continuing
       existence of unfair and unnecessary discrimination and prejudice
23        denies people with disabilities the opportunity to compete on an
       equal basis and to pursue those opportunities for which our free
24        society is justifiably famous.

25 ///

26 ///

27 ///

28 ///

1    37.    Congress stated as its purpose in passing the Americans with Disabilities Act of

2 1990 (42 U.S.C. §12102):

3        It is the purpose of this act (1) to provide a clear and comprehensive
         national mandate for the elimination of discrimination against
4        individuals with disabilities; (2) to provide clear, strong, consistent,
         enforceable standards addressing discrimination against individuals
5        with disabilities; (3) to ensure that the Federal government plays a
         central role in enforcing the standards established in this act on
6        behalf of individuals with disabilities; and (4) to invoke the sweep
         of Congressional authority, including the power to enforce the 14th
7        Amendment and to regulate commerce, in order to address the
         major areas of discrimination faced day to day by people with
8        disabilities.

9    38.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11 Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

12 accommodations identified for purposes of this title was:

13        (7)    PUBLIC ACCOMMODATION - The following private
         entities are considered public accommodations for purposes of this
14       title, if the operations of such entities affect commerce -

15                            ---

16            (B) a restaurant, bar or other establishment serving food or
         drink;
17
             (E) a bakery, grocery store, clothing store, hardware store,
18       shopping center, or other sales or rental establishment; and

19            (F) a laundromat, dry-cleaner, bank, barber shop, beauty
         parlor, travel service, shoe repair service, funeral parlor, gas station,
20       office of an accountant or lawyer, pharmacy, insurance office,
         professional office of a health care provider, hospital or other
21       service establishment.

22       42 U.S.C. §12181(7)(B)(E) and (F)

23    39.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

24 on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

25 privileges, advantages, or accommodations of any place of public accommodation by any person

26 who owns, leases, or leases to, or operates a place of public accommodation."

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

40.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1    41.    The removal of the barriers complained of by plaintiff as hereinabove alleged were
2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of Sloat
3  pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all
4  the barriers complained of herein together was not "readily achievable," the removal of each
5  individual barrier complained of herein was "readily achievable."  On information and belief,
6  defendants' failure to remove said barriers was likewise due to discriminatory practices,
7  procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

8    42.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
9  accomplishable and able to be carried out without much difficulty or expense."  The statute
10  defines relative "expense" in part in relation to the total financial resources of the entities
11  involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that
12  plaintiff complains of herein were and are "readily achievable" by the defendants under the
13  standards set forth under §301(9) of the Americans with Disabilities Act.

14    Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers,
15  defendants have failed to make the required services available through alternative methods which
16  were readily achievable.

17    43.    On information and belief, construction work on, and modifications of, the subject
18  building(s) of Sloat occurred after the compliance date for the Americans with Disabilities Act,
19  January 26, 1992, independently triggering access requirements under Title III of the ADA.

20    44.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
21  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
22  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
23  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
24  to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or
25  making use of the public facilities complained of herein so long as the premises and defendants'
26  policies bar full and equal use by persons with physical disabilities.

27  ///

28  ///

45. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about November 9, 2010, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

46. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///
///
///
///
///
///
///
///
///
///
///
///
///

II. **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant SLOAT REALTY, LLC, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

47.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

49.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

50.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    51.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2  whose rights have been infringed upon and violated by the defendants, and each of them, as

3  prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants

4  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5  Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to

6  defendants' tenants' premises.  As a legal result, plaintiff is entitled to seek damages pursuant to a

7  court or jury determination, in accordance with California Civil Code §54.3(a) for each day on

8  which he visited or have been deterred from visiting Floreria La Poblanita #2, El Arista Chairex

9  Barber Shop, Mission Check Cashing, K&K Multi Service & Income Tax and Check Cashing and

10  Jelly Donut because of his knowledge and belief that each of the public accommodation is

11  inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

12              Any person or persons, firm or corporation, who denies or interferes
              with admittance to or enjoyment of the public facilities as specified
13              in Sections 54 and 54.1 or otherwise interferes with the rights of an
              individual with a disability under Sections 54, 54.1 and 54.2 is
14              liable for each offense for the actual damages and any amount as
              may be determined by a jury, or the court sitting without a jury, up
15              to a maximum of three times the amount of actual damages but in
              no case less than . . .one thousand dollars ($1,000) and . . .
16              attorney's fees as may be determined by the court in addition
              thereto, suffered by any person denied any of the rights provided in
17              Sections 54, 54.1 and 54.2.

18              Civil Code §54.3(a)

19    52.    On or about February 22, 2010, February 28, 2010, May 2, 2010, August 2, 2010

20  and November 9, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1

21  in that plaintiff CRAIG YATES was denied access to entrance(s) and counter(s) and other public

22  facilities as stated herein at Floreria La Poblanita #2, El Arista Chairex Barber Shop, Mission

23  Check Cashing, K&K Multi Service & Income Tax and Check Cashing and Jelly Donut and on

24  the basis that plaintiff CRAIG YATES was a person with physical disabilities.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    53.    As a result of the denial of equal access to defendants' facilities due to the acts and
2  omissions of defendants, and each of them, in owning, operating and maintaining these subject
3  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4  rights under Civil Code §§54, 54.1 and 54.3.

5    54.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
6  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
7  and worry, all of which are expectedly and naturally associated with a denial of access to a person
8  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
9  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
10  person or an entity that represents persons with physical disabilities and unable, because of the
11  architectural barriers created and maintained by the defendants in violation of the subject laws, to
12  use the public facilities hereinabove described on a full and equal basis as other persons.

13    55.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
14  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
15  as a person or an entity that represents persons with physical disabilities on or about February 22,
16  2010, February 28, 2010, May 2, 2010, August 2, 2010 and November 9, 2010, and on a
17  continuing basis since then, including statutory damages, a trebling of all of actual damages,
18  general and special damages available pursuant to §54.3 of the Civil Code according to proof.

19    56.    As a result of defendants', and each of their, acts and omissions in this regard,
20  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
21  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
22  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
23  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
24  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
25  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
26  compel the defendants to make their facilities accessible to all members of the public with
27  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
28  the provisions of §1021.5 of the Code of Civil Procedure.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant SLOAT REALTY, LLC, inclusive)
(Civil Code §51, 51.5)

57.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 56 of this complaint.

58.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///

///

///

///

1  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5  defendants, and each of them.

6      59.     The acts and omissions of defendants stated herein are discriminatory in nature and

7  in violation of Civil Code §51.5:

8              No business establishment of any kind whatsoever shall
             discriminate against, boycott or blacklist, refuse to buy from, sell to,
9              or trade with any person in this state because of the race, creed,
             religion, color, national origin, sex, or **disability** of the person or of
10             the person's partners, members, stockholders, directors, officers,
             managers, superintendents, agents, employees, business associates,
11             suppliers, or customers.

12             As used in this section, "person" includes any person, firm
             association, organization, partnership, business trust, corporation,
13             limited liability company, or company.

14             Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
15             modification of any sort whatsoever, beyond that construction,
             alteration, repair or modification that is otherwise required by other
16             provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything
17             in this section be construed to augment, restrict or alter in any way
             the authority of the State Architect to require construction,
18             alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other laws.
19

20      60.     Defendants' acts and omissions as specified have denied to the plaintiff full and

21  equal accommodations, advantages, facilities, privileges and services in a business establishment,

22  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25  Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

26  the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27  §35, *et seq*., as if repled herein.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    61.    As a result of the denial of equal access to defendants' facilities due to the acts and
2  omissions of defendants, and each of them, in owning, operating and maintaining these subject
3  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4  rights under Civil Code §§54, 54.1 and 54.3.

5    62.    Further, plaintiff CRAIG YATES suffered mental distress, mental
6  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
7  disappointment and worry, all of which are expectedly and naturally associated with a denial of
8  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
9  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
10  basis that plaintiff is a person or an entity that represents persons with physical disabilities and
11  unable, because of the architectural barriers created and maintained by the defendants in violation
12  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
13  other persons.

14    63.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
15  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
16  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
17  allowed by statute, according to proof if deemed to be the prevailing party.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1 **PRAYER:**

2     Plaintiff prays that this court award damages and provide relief as follows:

3 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
        PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant SLOAT
5     REALTY, LLC, inclusive)
        (42 U.S.C. §12101, *et seq.*)

6
7         1.    For injunctive relief, compelling defendant SLOAT REALTY, LLC, inclusive, to

8 make the Floreria La Poblanita #2, El Arista Chairex Barber Shop, Mission Check Cashing, K&K

9 Multi Service & Income Tax and Check Cashing and Jelly Donut, located at 3182, 3186-3192,

10 3194, 3196, and 3198 24th Street, San Francisco, California, readily accessible to and usable by

11 individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications

12 in policies, practice, eligibility criteria and procedures so as to afford full access to the goods,

13 services, facilities, privileges, advantages and accommodations being offered.

        2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the
14 prevailing party; and

15        3.    For such other and further relief as the court may deem proper.

16 **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
17     **AND 54.3, *ET SEO.***
        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant SLOAT
18     REALTY, LLC, inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.*)
19

20        1.    For injunctive relief, compelling defendant SLOAT REALTY, LLC, inclusive, to

21 make the Floreria La Poblanita #2, El Arista Chairex Barber Shop, Mission Check Cashing, K&K

22 Multi Service & Income Tax and Check Cashing and Jelly Donut, located at 3182, 3186-3192,

23 3194, 3196, and 3198 24th Street, San Francisco, California, California, readily accessible to and

24 usable by individuals with disabilities, per state law.

25        2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

26 each occasion on which plaintiff was deterred from returning to the subject public

27 accommodation.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2   if plaintiffs are deemed the prevailing party;

3       4.      Treble damages pursuant to Civil Code §54.3;

4       5.      General damages according to proof;

5       6.      For all costs of suit;

6       7.      Prejudgment interest pursuant to Civil Code §3291; and

7       8.      Such other and further relief as the court may deem just and proper.

8   **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
9   **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
    **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
    **CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
10  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant SLOAT
    REALTY, LLC, inclusive)
11  (California Civil Code §§51, 51.5, *et seq.*)

12      1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and

13  for each occasion on which plaintiff was deterred from returning to the subject public

14  accommodation;

15      2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

16  party;

17      3.      General damages according to proof;

18      4.      Treble damages pursuant to Civil Code §52(a);

19      5.      For all costs of suit;

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1      6.     Prejudgment interest pursuant to Civil Code §3291; and

2      7.     Such other and further relief as the court may deem just and proper.

3

4   Dated: __*12/10/10*__, 2010        THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*
5

6

7                          By: _____

8                                  THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiff CRAIG YATES, an individual
9

10                          **DEMAND FOR JURY TRIAL**

11      Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13   Dated: __*12/10/10*__, 2010        THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*
14

15

16

17                          By: _____

18                                 THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiff CRAIG YATES, an individual
19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26



Recycled   Stock # R DOA-10-B

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 21, 2010

Owner of Building
Floreria La Poblanita #2
3192 24th Street
San Francisco, CA 94110

Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all. Five go to you as tenants and five go to your landlord for your business. Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple. I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance. Plan: Install a power door. K&K has a sloped entrance. Plan: Install a power door. Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair. Plan: Widen the doorway and lower the counter. El Artista Chairex Barber Shop has a narrow doorway. Plan: Widen the doorway. Floreria La Poblanita #2 has a 7" step at the entrance. Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that? Pretty easy and not very expensive. All of you will be of big help if your landlord can get this done

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 21, 2010

Manager
Floreria La Poblanita #2
3192 24th Street
San Francisco, CA 94110

Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all.  Five go to you as tenants and five go to your landlord for your business.  Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple.  I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance.  Plan: Install a power door.  K&K has a sloped entrance.  Plan: Install a power door.  Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair.  Plan: Widen the doorway and lower the counter.  El Artista Chairex Barber Shop has a narrow doorway.  Plan: Widen the doorway.  Floreria La Poblanita #2 has a 7" step at the entrance.  Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that?  Pretty easy and not very expensive.  All of you will be of big help if your landlord can get this done

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 21, 2010

Owner of Building
El Artista Chairex Barber Shop
3192 24th Street
San Francisco, CA 94110

Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all. Five go to you as tenants and five go to your landlord for your business. Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple. I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance. Plan: Install a power door. K&K has a sloped entrance. Plan: Install a power door. Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair. Plan: Widen the doorway and lower the counter. El Artista Chairex Barber Shop has a narrow doorway. Plan: Widen the doorway. Floreria La Poblanita #2 has a 7" step at the entrance. Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that? Pretty easy and not very expensive. All of you will be of big help if your landlord can get this done

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903


September 21, 2010

Manager
El Artista Chairex Barber Shop
3192 24th Street
San Francisco, CA 94110


Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all.  Five go to you as tenants and five go to your landlord for your business.  Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple.  I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance.  Plan: Install a power door.  K&K has a sloped entrance.  Plan: Install a power door.  Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair.  Plan: Widen the doorway and lower the counter.  El Artista Chairex Barber Shop has a narrow doorway.  Plan: Widen the doorway.  Floreria La Poblanita #2 has a 7" step at the entrance.  Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that?  Pretty easy and not very expensive.  All of you will be of big help if your landlord can get this done


Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 21, 2010

Owner of Building
Mission Check Checking
3194 24th Street
San Francisco, CA 94110

Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all. Five go to you as tenants and five go to your landlord for your business. Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple. I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance. Plan: Install a power door. K&K has a sloped entrance. Plan: Install a power door. Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair. Plan: Widen the doorway and lower the counter. El Artista Chairex Barber Shop has a narrow doorway. Plan: Widen the doorway. Floreria La Poblanita #2 has a 7" step at the entrance. Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that? Pretty easy and not very expensive. All of you will be of big help if your landlord can get this done

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 21, 2010

Manager
Mission Check Checking
3194 24th Street
San Francisco, CA 94110

Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all.  Five go to you as tenants and five go to your landlord for your business.  Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple.  I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance.  Plan: Install a power door.  K&K has a sloped entrance.  Plan: Install a power door.  Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair.  Plan: Widen the doorway and lower the counter.  El Artista Chairex Barber Shop has a narrow doorway.  Plan: Widen the doorway.  Floreria La Poblanita #2 has a 7" step at the entrance.  Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that?  Pretty easy and not very expensive.  All of you will be of big help if your landlord can get this done

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 21, 2010

Owner of Building
K&K Multi Service
3196 24th Street
San Francisco, CA 94110

Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all. Five go to you as tenants and five go to your landlord for your business. Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple. I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance. Plan: Install a power door. K&K has a sloped entrance. Plan: Install a power door. Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair. Plan: Widen the doorway and lower the counter. El Artista Chairex Barber Shop has a narrow doorway. Plan: Widen the doorway. Floreria La Poblanita #2 has a 7" step at the entrance. Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that? Pretty easy and not very expensive. All of you will be of big help if your landlord can get this done

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 21, 2010

Manager
K&K Multi Service
3196 24th Street
San Francisco, CA 94110

Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all. Five go to you as tenants and five go to your landlord for your business. Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple. I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance. Plan: Install a power door. K&K has a sloped entrance. Plan: Install a power door. Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair. Plan: Widen the doorway and lower the counter. El Artista Chairex Barber Shop has a narrow doorway. Plan: Widen the doorway. Floreria La Poblanita #2 has a 7" step at the entrance. Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that? Pretty easy and not very expensive. All of you will be of big help if your landlord can get this done

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 21, 2010

Owner of Building
Jelly Doughnuts
3198 24th Street
San Francisco, CA 94110

Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all. Five go to you as tenants and five go to your landlord for your business. Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple. I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance. Plan: Install a power door. K&K has a sloped entrance. Plan: Install a power door. Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair. Plan: Widen the doorway and lower the counter. El Artista Chairex Barber Shop has a narrow doorway. Plan: Widen the doorway. Floreria La Poblanita #2 has a 7" step at the entrance. Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that? Pretty easy and not very expensive. All of you will be of big help if your landlord can get this done

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 21, 2010

Manager
Jelly Doughnuts
3198 24th Street
San Francisco, CA 94110

Dear Everybody or Hello World!

I'm writing and mailing ten - yes ten letters to you all.  Five go to you as tenants and five go to your landlord for your business.  Make sure a letter gets to your landlord because the landlord should do something.

You see I use a wheelchair and your building and space that each of you rent is just terrible to shop at if you're in a chair.

My plan is very simple.  I tell you the plan and you make sure the problems are fixed.

So here it goes: Jelly Doughnuts has a sloped entrance.  Plan: Install a power door.  K&K has a sloped entrance.  Plan: Install a power door.  Mission Check Cashing has a narrow doorway and the counter is too high to do business in a wheel chair.  Plan: Widen the doorway and lower the counter.  El Artista Chairex Barber Shop has a narrow doorway.  Plan: Widen the doorway. Floreria La Poblanita #2 has a 7" step at the entrance.  Plan: Get a portable ramp and install a buzzer and sign on how to use the ramp.

Now, how easy is that?  Pretty easy and not very expensive.  All of you will be of big help if your landlord can get this done

Sincerely,

*Craig Thomas Yates*

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 23, 2010

Jelly Donut
K&K Multi Service
Mission Check Cashing
El Artista Chairez Barber Shop
Floreria La Poblanita # 2

Dear Owner of Building for Floreria La Poblanita # 2:

Recently, I visited all the stores that I have listed above. As I use a wheelchair, I had problems with each of the places that I wheeled to. Here's the biggest problem for each place. Jelly Donut has a slope at the entry door. A power door would be great; K&K Multi Service has a slope at the entrance and needs a power door; Mission Check Cashing doorway is too narrow and the counter too high; El Artista Chairez Barbershop doorway is too narrow and pulls outward; Floereria La Poblanita # 2 has that really high step. It needs some kind of a ramp. Maybe cutting into the concrete might work.

I thought the landlord and all the tenants should know about this. That's why I wrote this identical letter to all of you. It's like letting the right hand know what the left hand is doing! If you all put your hands and heads together, I know all of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The whole block of stores is certainly more than 20 years old, right? The landlord owns the places and rents it to tenants or maybe you've been the only tenants. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here? All of you should demand that the landlord deals with these problems today!

Anyway, I would really appreciate it if each of you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to these stores once they are accessible to me. I may still come back before you do the work just because I like the Mission and like to see what's going on. Don't look at this as helping me. I see lots of wheelchair users who are stuck like me. If there is some problem doing this, please let me know.

It takes a little time to be able to get helpful information, so I found out who might be able to help you. Or better yet make your landlord do it. The landlord has all your rent money right? If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them, or tell the landlord to do it..

I tell everyone if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it. This is important to you and to your landlord.

So, if you and your landlord or just your landlord does the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You and the landlord get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits. Make sure the landlord knows how you feel. I expect that with these 10 letters that someone will write me back this week, not 2 or 3 weeks or months later. I'll be waiting for your letters.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

September 23, 2010

Jelly Donut
K&K Multi Service
Mission Check Cashing
El Artista Chairez Barber Shop
Floereria La Poblanita # 2

Dear Manager of Jelly Donut:

Recently, I visited all the stores that I have listed above. As I use a wheelchair, I had problems with each of the places that I wheeled to. Here's the biggest problem for each place. Jelly Donut has a slope at the entry door. A power door would be great; K&K Multi Service has a slope at the entrance and needs a power door; Mission Check Cashing doorway is too narrow and the counter too high; El Artista Chairez Barbershop doorway is too narrow and pulls outward; Floereria La Poblanita # 2 has that really high step. It needs some kind of a ramp. Maybe cutting into the concrete might work.

I thought the landlord and all the tenants should know about this. That's why I wrote this identical letter to all of you. It's like letting the right hand know what the left hand is doing! If you all put your hands and heads together, I know all of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The whole block of stores is certainly more than 20 years old, right? The landlord owns the places and rents it to tenants or maybe you've been the only tenants. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here? All of you should demand that the landlord deals with these problems today!

Anyway, I would really appreciate it if each of you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to these stores once they are accessible to me. I may still come back before you do the work just because I like the Mission and like to see what's going on. Don't look at this as helping me. I see lots of wheelchair users who are stuck like me. If there is some problem doing this, please let me know.

It takes a little time to be able to get helpful information, so I found out who might be able to help you. Or better yet make your landlord do it. The landlord has all your rent money right? If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them, or tell the landlord to do it..

I tell everyone if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it. This is important to you and to your landlord.

So, if you and your landlord or just your landlord does the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You and the landlord get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits. Make sure the landlord knows how you feel. I expect that with these 10 letters that someone will write me back this week, not 2 or 3 weeks or months later. I'll be waiting for your letters.

Thank you for considering my request.

Sincerely,

Craig Yates